UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE:  YASMIN AND YAZ (DROSPIRENONE) MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION ) ) ) ) ) | 3:09-md-02100-DRH-PMF<br><br>MDL No. 2100 |

**This Document Relates to:**

| | |
|---|---|
| *Kara Abbott v. Bayer Corp, et al.* | No. 3:11-cv-13122-DRH-PMF |
| *Melissa Aiger v.*<br>*Bayer HealthCare Pharmaceuticals,*<br>*Inc., et al.* | No. 3:11-cv-13294-DRH-PMF |
| *Emily Blevins v.*<br>*Bayer HealthCare Pharmaceuticals,*<br>*Inc., et al.* | No. 3:11-cv-13011-DRH-PMF |
| *Shaina Collins v. Bayer Corp., et al.* | No. 3:11-cv-13108-DRH-PMF |
| *Andrea  Hollowell v. Bayer Corp., et al.* | No. 3:11-cv-13229-DRH-PMF |
| *Melissa Johnson v.*<br>*Bayer HealthCare Pharmaceuticals,*<br>*Inc., et al.* | No. 3:11-cv-11996-DRH-PMF |
| *Elizabeth Law v.*<br>*Bayer HealthCare Pharmaceuticals,*<br>*Inc., et al.* | No. 3:11-cv-13240-DRH-PMF |
| *Karan and Ruy Lozano v. Bayer Corp., et al.* | No. 3:11-cv-13205-DRH-PMF |
| *Marissa Lytle v.*<br>*Bayer HealthCare Pharmaceuticals,*<br>*Inc., et al.* | No. 3:11-cv-12586-DRH-PMF |
| *Marilou Mewborn v.*<br>*Bayer HealthCare Pharmaceuticals,*<br>*Inc., et al.* | No. 3:11-cv-13274-DRH-PMF |

| | |
|---|---|
| *Amy and Brian Monroe v.*<br>*Bayer HealthCare Pharmaceuticals,*<br>*Inc., et al.* | No. 3:11-cv-13238-DRH-PMF |
| *Sharon Morrison v.*<br>*Bayer HealthCare Pharmaceuticals,*<br>*Inc., et al.* | No. 3:11-cv-12706-DRH-PMF |
| *Heather Norris v.*<br>*Bayer HealthCare Pharmaceuticals,*<br>*Inc., et al.* | No. 3:11-cv-13241-DRH-PMF |
| *Amanda and Robert Perkins v.*<br>*Bayer HealthCare Pharmaceuticals,*<br>*Inc., et al.* | No. 3:11-cv-13230-DRH-PMF |
| *Rhanda Smith v.*<br>*Bayer HealthCare Pharmaceuticals,*<br>*Inc., et al.* | No. 3:11-cv-12090-DRH-PMF |
| *Laura Tenorio v.*<br>*Bayer HealthCare Pharmaceuticals,*<br>*Inc., et al.* | No. 3:12-cv-20002-DRH-PMF |
| *Karen Wafa v.*<br>*Bayer HealthCare Pharmaceuticals,*<br>*Inc., et al.* | No. 3:11-cv-13203-DRH-PMF |
| *Tina Westmoreland v.*<br>*Bayer HealthCare Pharmaceuticals,*<br>*Inc., et al.* | No. 3:11-cv-13239-DRH-PMF |
| *Rukaiyah Williams v.*<br>*Bayer HealthCare Pharmaceuticals,*<br>*Inc., et al.* | No. 3:11-cv-13287-DRH-PMF |

## ORDER DISMISSING WITH PREJUDICE

This matter is before the Court on the defendant Bayer HealthCare Pharmaceuticals Inc.'s motion, pursuant to Case Management Order 12 ("CMO 12"), for an order dismissing the plaintiffs' claims, in the above-captioned

matters, with prejudice for failure to comply with Plaintiff Fact Sheet ("PFS") obligations.[1]

On June 29, 2012, Bayer HealthCare Pharmaceuticals Inc. moved to dismiss the above captioned matters without prejudice for failure to comply with PFS obligations.[2] The Court granted the motion on August 20, 2012.[3]

In the order dismissing the above captioned actions, the Court warned the plaintiffs that, "pursuant to CMO 12 Section E, **unless plaintiffs serve defendants with a COMPLETED PFS or move to vacate the dismissal without prejudice within 60 days after entry of this Order, the Order will be converted to a Dismissal With Prejudice upon defendants' motion.**"[4]

On March 27, 2013, more than 60 days after the entry of the order of dismissal without prejudice, Bayer HealthCare Pharmaceuticals Inc. filed the subject motion stating the plaintiffs are still not in compliance with their PFS

---

[1] The motion to dismiss filed by Bayer HealthCare Pharmaceuticals Inc. on March 27, 2013 sought dismissal of certain plaintiffs in 30 member actions. This order addresses the single plaintiff actions (including actions involving consortium claims) where no responsive pleading was filed. The multi-plaintiff member actions and the member actions where a responsive pleading was filed are addressed in separate orders.

[2] Abbott DOC. 8; Aiger DOC. 8; Blevins DOC. 6; Collins DOC. 6; Hollowell DOC. 11; Johnson DOC. 6; Law DOC. 6; Lozano DOC. 10; Lytle DOC. 7; Mewborn DOC. 6; Monroe DOC. 6; Morrison DOC. 6; Norris DOC. 6; Perkins DOC. 6; Smith DOC. 6; Tenorio DOC. 11; Wafa DOC. 6; Westmoreland DOC. 6; Williams DOC. 8.

[3] Abbott DOC. 9; Aiger DOC. 9; Blevins DOC. 7; Collins DOC. 7; Hollowell DOC. 12; Johnson DOC. 7; Law DOC. 7; Lozano DOC. 11; Lytle DOC. 8; Mewborn DOC. 7; Monroe DOC. 7; Morrison DOC. 7; Norris DOC. 7; Perkins DOC. 7; Smith DOC. 7; Tenorio DOC. 12; Wafa DOC. 7; Westmoreland DOC. 7; Williams DOC. 9.

[4] Abbott DOC. 9; Aiger DOC. 9; Blevins DOC. 7; Collins DOC. 7; Hollowell DOC. 12; Johnson DOC. 7; Law DOC. 7; Lozano DOC. 11; Lytle DOC. 8; Mewborn DOC. 7; Monroe DOC. 7; Morrison DOC. 7; Norris DOC. 7; Perkins DOC. 7; Smith DOC. 7; Tenorio DOC. 12; Wafa DOC. 7; Westmoreland DOC. 7; Williams DOC. 9 (emphasis in original).

obligations and asking the Court to convert the dismissals to dismissals with prejudice pursuant to Section E of CMO 12,

The Court notes that, pursuant to Section E of CMO 12, "[u]nless Plaintiff has served Defendants with a completed PFS or has moved to vacate the dismissal without prejudice within 60 days after entry of any such Order of Dismissal without Prejudice, the order will be converted to a Dismissal With Prejudice **upon** Defendants' motion." (MDL 2100 Doc. 836) (emphasis added). <u>Accordingly, the Court could have immediately converted the above captioned dismissals to dismissals with prejudice on March 27, 2013, the day Bayer HealthCare Pharmaceuticals Inc. filed the subject motion</u>. More than 30 days have passed since Bayer HealthCare Pharmaceuticals Inc.'s motion was filed. Thus, the plaintiffs have had ample time to cure the any PFS deficiencies and avoid a with prejudice dismissal.

Having considered the motion and the relevant provisions of CMO 12 the Court **ORDERS** as follows:

The plaintiffs in the above captioned actions have failed to comply with their obligations pursuant to CMO 12 and more than 60 days have passed since the entry of the order of dismissal without prejudice for failure to comply with

5

CMO 12. Accordingly, pursuant to Section E of CMO 12, **the plaintiffs' complaints are hereby dismissed WITH prejudice**.

**Further**, the Court **DIRECTS** the Clerk of the Court to enter judgment reflecting the same.

    **SO ORDERED:**

Digitally signed by David R. Herndon
Date: 2013.05.20 11:15:09 -05'00'

**Chief Judge**  
**United States District Court**

Date: May 20, 2013

5